UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PATRICIA GORDON,

                                    Plaintiff,

                    -against-

FIRST FRANKLIN FINANCIAL CORP.,
US BANK NATIONAL, as Trustee for Merrill
Lynch Investors Trust Series 2010-NP1, and
BCAT REO LLC,

                                    Defendants.
-------------------------------------------------------X
FEUERSTEIN, J.

**FILED**
**CLERK**

2/29/2016 3:43 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**OPINION & ORDER**
**15-CV-0775 (SJF)(AKT)**

I.      Introduction

        On February 13, 2015, *pro se* plaintiff Patricia Gordon ("plaintiff") commenced this

action against defendants First Franklin Financial Corp. ("FFFC"); US Bank National ("US

Bank"), as trustee for Merrill Lynch Investors Trust Series 2010-NP1; and BCAT Reo LLC

("BCAT"), pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. §

1332(a), seeking, *inter alia*, to quiet title to certain real property located at 561 Kirkby Road,

Elmont, New York ("the subject premises") and to recover damages for the purported

conversion, unjust enrichment, fraud and predatory lending practices of FFFC, US Bank and

BCAT (collectively, "defendants").  Pending before the Court are defendants' unopposed

motions to dismiss the complaint pursuant to, *inter alia*, Rule 12(b) of the Federal Rules of Civil

Procedure.  For the reasons set forth below, defendants' motions are granted to the extent set

forth herein and the complaint is dismissed in its entirety with prejudice.

II.    Background

    A.    Factual Background[1]

    In or about September 2006, plaintiff received a mortgage loan in the amount of approximately four hundred twenty-five thousand six hundred dollars ($425,600.00) from FFFC that was secured by a mortgage on the subject premises.  (Complaint ["Compl."], ¶ 8).  The mortgage was recorded in the Nassau County Clerk's Office on November 14, 2006.[2] (Declaration of Scott H. Kaiser in Support of First Franklin's Motion to Dismiss ["Kaiser Decl."], Ex. 3).  Plaintiff alleges that "[a]lthough not qualified via income, FICO or other credit criteria, . . . First Franklin offered mortgage financing by [and] through its agent mortgage broker culminating in the instant mortgage loan."  (Compl., ¶ 8).

    According to plaintiff, pursuant to a "teaser [and] inflation" scheme," presumably perpetrated by FFFC as the originator of the mortgage loan, "[t]he initial mortgage or teaser rate of 7.5% was to be raised via a stated index of no mre [sic] than 5.4% on the delineated anniversary date.  The accelerated rates of 10.3% to 13.3% were to be operative."  (Compl., ¶ 9) (emphasis omitted).  Plaintiff alleges that "this teaser [and] inflation scheme was disproportionately placed upon [her], an Afro-American woman [and] was not visited upon

_____

    [1]  The factual allegations are taken from the complaint and are assumed to be true for purposes of this motion only.  They do not constitute findings of fact by the Court.

    [2]  Judicial notice is taken of the Nassau County Clerk's recording page, the recorded mortgage, the judgment of foreclosure and the other public records submitted by defendants, as well as the pleadings and exhibits filed in a holdover proceeding commenced by BCAT in the First District Court of the State of New York, County of Nassau, Landlord-Tenant Division that plaintiff previously removed to this Court, which was assigned docket number 15-cv-5093, see, e.g. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004), Barberan v. Nationpoint, 706 F. Supp. 2d 408, 416 (S.D.N.Y. 2010), particularly since plaintiff has not challenged the authenticity of any of those documents.

2

Caucasian or Asian borrowers in like geographic locale [and] in like socio-economic status." (Id.)

After plaintiff defaulted on her obligation to repay the mortgage loan, an action to foreclose on the mortgage was commenced on or about April 25, 2007, (see Notice of Removal filed by plaintiff in 15-cv-5093 ["NOR"], Ex. A(C)), by Deutsche Bank National Trust Company, as trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset Backed Certificates, Series 2006-FF16 ("Deutsche Bank"), in the Supreme Court of the State of New York, County of Nassau ("the state court"), under index number 7053/2007 ("the foreclosure action"). (Compl., ¶ 10; Kaiser Decl., Ex. 4). A judgment of foreclosure and sale was entered in favor of South Point Inc., which was substituted for Deutsche Bank as the foreclosing lender, and against plaintiff on or about September 25, 2008.[3] (NOR, Ex. A(C); Kaiser Decl., Ex. 4). The judgment of foreclosure and sale was recorded in the Nassau County Clerk's Office on September 30, 2008. (Kaiser Decl., Ex. 4).

Plaintiff alleges that she was never "duly served with legal process" in the foreclosure action, (Compl., ¶ 10); and that "[t]he entire foreclosure process was designed to confuse, obfuscate [and] intimidate . . . [her]." (Id.) Nonetheless, on or about August 25, 2011, plaintiff moved in the state court for an order vacating the judgment of foreclosure and sale. (See NOR, Ex. A(C)). By order entered January 30, 2012, the state court, inter alia, denied plaintiff's motion to vacate the judgment of foreclosure and sale. (Kaiser Decl., Ex. 5).

Plaintiff alleges: (1) that FFFC "foreclosed [and] became grantee on [and] conveyed title

_____

[3] South Point subsequently assigned the mortgage to US Bank on or about August 2, 2010.

3

to . . . US Bank et al [sic] on or about. [sic]," (Compl., ¶ 12); and (2) that US Bank conveyed title to BCAT on July 25, 2014 "solely for purposes of foreclosing upon plaintiff, in violation of the principles of champerty[,]" (Compl., ¶ 13).  BCAT is the current owner of the subject premises. (Declaration of Jordan J. Manfro, Esq. ["Manfro Decl."], Ex. B).

B.      Procedural History

On February 13, 2015, plaintiff commenced this action against defendants pursuant to this Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a), seeking, *inter alia*, (1) to quiet title to the subject premises by "expung[ing]" and "eras[ing] entirely forever" defendants' interest therein; (2) to recover compensatory and punitive damages in the amount of one million dollars ($1,000,000.00); and (3) to have judgment entered vacating "any underlying foreclosure judgment regarding the instant parties or predecessors in interest."  (Compl. at 5). Plaintiff alleges, *inter alia*, (1) that "[t]he present deed ostensibly vested in Defendant [sic] is violative [sic] of multifarious sections of New York Law, including improper assignments, defective power of attorney, lack of notaries, ergo Defendant [sic] [and] its predecessors have falsified documentation alleging a non-existent proprietary interest in the mortgage, note [and] fee[,]" (id., ¶ 14) (emphasis omitted); and (2) that "Defendant's present deed is a non-cognizable nullity conferring no interest to defendant[,]" (id., ¶ 15).

Plaintiff further alleges that "[p]ursuant to the express terms of the original mortgage. . ., [she] had paid premiums for Mortgage Insurance and/or forced-place insurance such that the mortgagee bank be recompensed in the event of default[,]" (Compl., ¶ 16); and that "[d]uring the period as of solvency [she] effectuated such payments[,]" (id., ¶ 17).  In addition, plaintiff

alleges, upon information and belief, (1) that "at the time of [her] insolvency[,] the mortgage

servicer or its related entity effectuated such premiums on [her] behalf . . .[,]" (id., ¶ 18); and (2)

that "insurance payments have been or have been caused to be paid to the original mortgagee

bank, the predecessor in interest to the present defendant, and or [sic] the servicer due to/or on

account of [her] allege[d] default. . .[,]" (id., ¶ 19). Thus, according to plaintiff, "defendant" has

"visited a fraud upon [her] [and] the judicial system," and seeks to "double-dip" and "unjustly

enrich itself," by taking plaintiff's home after it was already compensated for any losses. (Id., ¶¶

20-22) (emphasis omitted).

Defendants now separately move to dismiss the complaint pursuant to, *inter alia*, Rules

12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction

and failure to state a claim for relief. Plaintiff has not opposed the motions, nor sought an

extension of time to do so.


III.    Discussion

    A.    Fed. R. Civ. P. 12(b)(1)[4]

        1.    Standard of Review

As plaintiff is proceeding *pro* se, her submissions, "however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

---

[4] To the extent defendants move under Rule 12(b)(1) of the Federal Rules of Civil Procedure for dismissal on the basis of *res judicata*, "the doctrine of *res judicata* or issue preclusion in no way implicates jurisdiction." Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994). However, since "*res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)[,]" id., defendants' *res judicata* arguments are reviewed below, under the standard of review applicable to a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quotations and citation omitted); accord Ahlers v. Rabinowitz, 684 F.3d 53,60 (2d Cir. 2012). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and dismissal. See Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008) ("[*P*]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (quotations and citation omitted)); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (holding that a party's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law. . . ." (quotations and citation omitted)).

"Federal courts are courts of limited jurisdiction," Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)); see also Mims v. Arrow Fin. Servs., LLC, — U.S. —, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen, 511 U.S. at 377, 114 S. Ct. 1673 (holding that federal courts "possess only that power authorized by Constitution and statute * * *.") Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Sebelius v. Auburn Reg'l Med. Ctr., — U.S. —, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202,

179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject-matter jurisdiction * * * may be raised at any time.")  If a court lacks subject matter jurisdiction, it must dismiss the action.  See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

"In resolving a motion to dismiss under Rule 12(b)(1), [] district court[s] must take all uncontroverted facts in the complaint * * * as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014); see also Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) ("In reviewing a facial attack to the court's jurisdiction, [courts] draw all facts– which [are] assume[d] to be true unless contradicted by more specific allegations or documentary evidence– from the complaint and from the exhibits attached thereto.")  However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings[.]" Tandon, 752 F.3d at 243 (quotations, brackets and citations omitted); see also Amidax Trading, 671 F.3d at 145 ("To the extent that [defendants'] Rule 12(b)(1) motion placed jurisdictional facts in dispute[,] * * * the district court properly considered evidence outside the pleadings.")  "In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Tandon, 752 F.3d at 243 (quotations and citation omitted); see also Mastafa v. Chevron Corp., 770 F.3d 170, 177 (2d Cir. 2014).

2.      <u>Rooker-Feldman</u> Doctrine

Pursuant to what is commonly known as the <u>Rooker-Feldman</u> doctrine, federal district courts are prohibited from exercising subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 414-415, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005), the Supreme Court limited the application of the <u>Rooker-Feldman</u> doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Id.</u> at 284, 125 S. Ct. 1517; <u>see also</u> <u>Skinner v. Switzer</u>, 562 U.S. 521, 531, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011); <u>Lance v. Dennis</u>, 546 U.S. 459, 126 S. Ct. 1198, 1201, 163 L. Ed. 2d 1059 (2006). Thus, there are four (4) requirements for the application of the <u>Rooker-Feldman</u> doctrine: (1) the party raising the claim must have lost in state court; (2) that party's injuries must be caused by the state court judgment; (3) that party's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the federal court proceedings. <u>See</u> <u>Vossbrinck v. Accredited Home Lenders, Inc.</u>, 773 F.3d 423, 426 (2d Cir. 2014); <u>McKithen v. Brown</u>, 626 F.3d 143, 154 (2d Cir. 2010). The first and fourth requirements are "procedural," while the second and third requirements are "substantive." <u>Morrison v. City of New York</u>, 591 F.3d 109, 112 (2d Cir. 2010); <u>Green v. Mattingly</u>, 585 F.3d 97, 101 (2d Cir. 2009). "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question

8

was earlier aired between the parties in state court." Skinner, 562 U.S. 521, 131 S. Ct. at 1297 (quotations, brackets and citation omitted).

The procedural factors are clearly satisfied, as plaintiff lost in the state action when the foreclosure judgment was entered against her, and her motion to vacate the foreclosure action was denied by the state court, before she commenced this action. See, e.g. Vossbrinck, 773 F.3d at 426. To the extent plaintiff is seeking to have this Court grant her title to the subject premises, expunge defendants' purported interest therein, and/or to vacate the judgment of foreclosure and sale on the basis that it was obtained fraudulently, her claims are barred by the Rooker-Feldman doctrine. See, e.g. Id. at 427 ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, Rooker-Feldman bars [his] claim.") Plaintiff is seeking, in essence, to have this Court review the state proceedings and determine that the foreclosure judgment entered against her was issued in error, and the injury which she seeks to have remedied is the state foreclosure judgment. See, e.g. id. ("[The plaintiff] is asking the federal court to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the court, lacked standing to foreclose. This would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error. And the injury of which [the plaintiff] "complains" in this claim for relief, and which he seeks to have remedied, is the state foreclosure judgment. This is evident from the relief [the plaintiff] requests—title to and tender of his property and, in his brief on appeal, to have the state judgment declared 'void.'")

However, plaintiff's claims seeking to recover compensatory and punitive damages from defendants for injuries she allegedly sustained as a result of defendants' purported fraud,

conversion, unjust enrichment and deceptive business practices do not require this Court to sit in review of the foreclosure judgment and, thus, are not barred by the Rooker-Feldman doctrine. See Vossbrinck, 773 F.3d at 427. Thus, the branches of defendants' motions seeking dismissal of plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction are granted to the extent that plaintiff's claims seeking (1) to quiet title to the subject premises by "expung[ing]" and "eras[ing] entirely forever" defendants' purported interest therein, and (2) to have judgment entered vacating "any underlying foreclosure judgment regarding the instant parties or predecessors in interest[,]" (Compl. at 5), are dismissed in their entirety pursuant to the Rooker-Feldman doctrine; and those branches of defendants' motions are otherwise denied.

    B.  Fed. R. Civ. P. 12(b)(6)

     1.  Standard of Review

  The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1

(2d Cir. 2010); accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also ASARCO LLC v. Goodwin, 756 F.3d 191, 198 (2d Cir. 2014), cert. denied, 135 S. Ct. 715, 190 L. Ed. 2d 441 (2014).

Moreover, although a *pro se* complaint "must be construed liberally to raise the strongest arguments it suggests[,] * * * [it] must state a plausible claim for relief." Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014) (quoting Walker v. Schult, 717 F.3d 119, 124 (2d Cir.2013) (internal citations, quotation marks, and brackets omitted)).


2.      *Res Judicata*

Since "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered[,]" Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed.

2d 56 (1984), defendants' *res judicata* defense is governed by New York law. See <u>Ferris v.</u> <u>Cuevas</u>, 118 F.3d 122, 125-26 (2d Cir. 1997).

Under New York law, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter[.]" <u>In re Josey v. Goord</u>, 9 N.Y.3d 386, 389, 849 N.Y.S.2d 497, 880 N.E.2d 18 (N.Y. 2007) (quotations and citation omitted); <u>see</u> <u>also</u> <u>Landau, P.C. v.</u> <u>LaRossa, Mitchell & Ross</u>, 11 N.Y.3d 8, 12, 862 N.Y.S.2d 316, 892 N.E.2d 380 (N.Y. 2008) ("[U]nder *res judicata*, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action." (quotations and citation omitted)). Thus, "[r]*es judicata* applies in New York where (1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom *res judicata* is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action." <u>Niles v. Wilshire Inv.</u> <u>Grp., LLC</u>, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012) (quotations, brackets and citation omitted); <u>see</u> <u>also</u> <u>People ex rel. Spitzer v. Applied Card Sys., Inc.</u>, 11 N.Y.3d 105, 122, 863 N.Y.S.2d 615, 894 N.E.2d 1 (N.Y. 2008) ("In New York res judicata[] . . . bars successive litigation based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was[.]" (quotations and citations omitted)).

*Res judicata* "applies not only to claims actually litigated but also to claims that could

have been raised in the prior litigation[,]" In re Hunter, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 (N.Y. 2005); see also Ferris, 118 F.3d at 126 ("[T]he doctrine of *res judicata* . . . operates to preclude the litigation of matters that could have or should have been raised in a prior proceeding arising from the same factual grouping, transaction, or series of transactions" (quotations and citation omitted)), because "a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again." In re Hunter, 4 N.Y.3d at 269, 794 N.Y.S.2d 286. New York generally applies a "transactional approach" to *res judicata*, such that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy[.]" Id. (quotations and citation omitted); accord Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008). In determining whether particular claims are part of the same transaction for purposes of *res judicata*, New York applies a "pragmatic" test, "analyzing whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage[.]" Xiao Yang Chen v. Fischer, 6 N.Y.3d 94, 100-01, 810 N.Y.S.2d 96, 843 N.E.2d 723 (N.Y. 2005) (quotations and citation omitted).

*Res judicata* "is applicable to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior proceeding." Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 263 F.3d 196, 200-01 (2d Cir. 2001) (quotations, alterations and citation omitted); see, e.g. Dupps v. Betancourt, 121 A.D.3d 746,

14

748, 994 N.Y.S.2d 633 (N.Y. App. Div. 2014), <u>lv. denied</u>, 24 N.Y.3d 912, 2 N.Y.S.3d 70, 25

N.E.3d 985 (N.Y. 2015) (holding that the judgment of foreclosure and sale entered upon the

plaintiff's default in the foreclosure action barred the claims asserted by him in the subsequent

action against the bank); <u>Niles</u>, 859 F. Supp. 2d at 338-39 ("A judgment of foreclosure and sale

obtained by default constitutes a decision on the merits." (quotations and citation omitted)).

"Th[e] doctrine also applies to defenses that could have been litigated, including defenses to a

foreclosure." <u>Yeiser v. GMAC Mortg. Corp.</u>, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008); <u>accord</u>

<u>Hourani v. Wells Fargo Bank, N.A.</u>, — F. Supp. 3d —, 2016 WL 402021, at * 3 (E.D.N.Y. Feb.

1, 2016); <u>see</u> <u>also</u> <u>Signature Bank v. Epstein</u>, 95 A.D.3d 1199, 1200, 945 N.Y.S.2d 347 (N.Y.

App. Div. 2012) ("A judgment of foreclosure and sale entered against a defendant is final as to

all questions at issue between the parties, and concludes all matters of defense which were or

might have been litigated in the foreclosure action[.]" (quotations and citation omitted)).

"[T]he general doctrine of *res judicata* gives binding effect to the judgment of a court of

competent jurisdiction and prevents the parties to an action, and those in privity with them, from

subsequently re-litigating any questions that were necessarily decided therein[.]" <u>Landau</u>, 11

N.Y.3d at 13, 862 N.Y.S.2d 316 (quotations and citation omitted); <u>accord</u> <u>Ferris</u>, 118 F.3d at

126.  New York courts "have found that the concept of privity requires a flexible analysis of the

facts and circumstances of the actual relationship between the party and nonparty in the prior

litigation[.]" <u>Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC</u>, 110 A.D.3d 87, 93, 970 N.Y.S.2d

526 (N.Y. App. Div. 2013) (quotations and citation omitted); <u>see</u> <u>also</u> <u>Applied Card</u>, 11 N.Y.3d

at 123, 863 N.Y.S.2d 615 ("[P]rivity is not susceptible to a hard-and-fast definition[.]")

"[P]rivity 'includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action.'" Ferris, 118 F.3d at 126 (emphasis omitted) (quoting Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (N.Y. 1970)). Thus, for example, a servicer of a mortgage loan "can be in privity with the mortgagee that the servicer represents[,]" Graham v. Select Portfolio Servicing, Inc., — F. Supp. 3d —, 2016 WL 215237, at * 9 (S.D.N.Y. Jan. 18, 2016); see also Yeiser, 535 F. Supp. 2d at 423, as can any successor in interest to the mortgage loan. See, e.g. Yeiser, 535 F. Supp. 2d at 423.

Since the foreclosure judgment constitutes a final adjudication on the merits; plaintiff was a named party in the state foreclosure action and defendants were in privity with parties thereto by virtue of their status as assignor and/or assignee of the mortgage loan, or grantor and/or grantee of the subject premises; and plaintiff's claims of, *inter alia,* unjust enrichment, conversion, fraud and/or deceptive business practices relate to the parties' rights and obligations under the mortgage loan agreement and/or with respect to the subject premises, and could have been raised by plaintiff as defenses in the state foreclosure action, plaintiff's remaining claims are barred by the doctrine of *res judicata.* See, e.g. Graham, — F. Supp. 3d —, 2016 WL 215237, at * 10; SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank, 128 A.D.3d 674, 675, 10 N.Y.S.3d 105 (N.Y. App. Div. 2015); Castellano v. JP Morgan Chase Bank, N.A., No. 13-cv-3390, 2014 WL 988563, at * 4-6 (S.D.N.Y. Mar. 13, 2014). Accordingly, the branches of

defendants' motions seeking dismissal of plaintiff's claims against them as barred by the doctrine of *res judicata* are granted to the extent that plaintiff's claims seeking damages for, *inter alia*, conversion, unjust enrichment, fraud and deceptive business practices are dismissed in their entirety with prejudice as barred by the doctrine of *res judicata*.

3.      Statute of Limitations

Plaintiff's claims against FFFC for fraud, deceptive business practices and discrimination are also barred by the applicable statutes of limitations.

a.      Deceptive Business Practices

Claims for deceptive business practices under New York General Business Law § 349 are subject to a three (3)-year limitations period, Gaidon v. Guardian Life Ins. Co. of America, 96 N.Y.2d 201, 210, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (N.Y. 2001), accruing when the plaintiff "has been injured by a deceptive act or practice violating section 349[.]" Id. Since plaintiff alleges only that FFFC subjected her to a "predatory scheme" that increased the interest rate charged on the loan it issued to her in September 2006, and that the terms of the loan were "disproportionately placed" upon her as an African American, she was required to commence her deceptive business practices claim on or before September 2009.[5] As plaintiff did not commence

---

[5] Even if plaintiff was not injured until the interest rate charged on her loan was increased pursuant to that scheme, such injury occurred no later than April 25, 2007, when the state foreclosure action was commenced following her default in making the loan payments. Thus, plaintiff's deceptive business practices claim was time-barred after April 25, 2010 pursuant

this action until February 13, 2015, the branch of FFFC's motion seeking to dismiss her deceptive business practices claim against it as time-barred is granted and plaintiff's deceptive business practices claim against FFFC is dismissed in its entirety with prejudice as barred by the applicable statute of limitations.

> b.    Fraud

Claims for fraud under New York law "must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it[.]" <u>Sargiss v. Magarelli</u>, 12 N.Y.3d 527, 532, 881 N.Y.S.2d 651, 909 N.E.2d 573 (N.Y. 2009) (quotations and citations omitted).  "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred[.]" <u>Id.</u> (quotations and citation omitted).  "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute."  <u>Id.</u> (quotations and citation omitted). Since FFFC's alleged fraud occurred in September 2006, when it purportedly engaged in the "predatory scheme" of which plaintiff complains, the six (6)-year limitations period expired prior to plaintiff's commencement of this action on February 13, 2015.  Moreover, plaintiff clearly possessed sufficient knowledge of facts from which FFFC's alleged fraud could be reasonably inferred no later than August 25, 2011, when she filed a motion in the state court seeking to

---

to the applicable statute of limitations.

vacate the judgment of foreclosure and sale. Thus, the two (2)-year limitations period expired no later than August 25, 2013, approximately eighteen (18) months before plaintiff commenced this action. Accordingly, the branch of FFFC's motion seeking to dismiss plaintiff's fraud claim against it as time-barred is granted and plaintiff's fraud claim against FFFC is dismissed in its entirety with prejudice as barred by the applicable statute of limitations.

### c.    Discrimination

Plaintiff's claim that she, as an African American, was offered different loan terms than Caucasian and Asian borrowers is liberally construed as asserting a discrimination claim under both the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(1).

### i.    FHA Claim

"The FHA provides that an 'aggrieved person' has two years from the occurrence or termination of an alleged discriminatory practice in which to commence a civil action." Boykin v. KeyCorp, 521 F.3d 202, 207 (2d Cir. 2008) (citing 42 U.S.C. § 3613(a)(1)(A)). As the alleged discriminatory practice occurred in September 2006, plaintiff's discrimination claim, asserted more than eight (8) years thereafter, is time-barred.

Moreover, plaintiff's conclusory allegations of discrimination are insufficient to plead a continuing violation of the FHA. See, e.g. Clement v. United Homes, LLC, 914 F. Supp.2d 362,

373-74 (E.D.N.Y. 2012); Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 292 (S.D.N.Y. 2011). Accordingly, the branch of FFFC's motion seeking dismissal of plaintiff's discrimination claim under the FHA as time-barred is granted and plaintiff's discrimination claim under the FHA is dismissed in its entirety with prejudice as barred by the applicable statute of limitations.

ii.      ECOA Claim

With exceptions not relevant here, at the time of the challenged loan transaction in September 2006, claims under the ECOA were required to be brought no later than two (2) years "from the date of the occurrence of the violation[.]" 15 U.S.C. § 1691e(f) (effective to July 20, 2011).[6] Moreover, as with her FHA claim, plaintiff's conclusory allegations are insufficient to plead a continuing violation of the ECOA. See, e.g. Grimes, 785 F. Supp. 2d at 295. Accordingly, plaintiff's discrimination claim under the ECOA is also dismissed as time-barred.

4.      Sufficiency of Claims

The complaint also fails to state plausible claims under New York law.

a.      Fraud

"Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4)

---

[6] The current statute of limitations for ECOA claims is five (5) years "after the date of the occurrence of the violation[.]" 15 U.S.C. § 1691e(f) (effective July 21, 2011). Plaintiff's ECOA claim would still be untimely under the current statute of limitations.

justifiable reliance by the plaintiff, and (5) damages." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells

Fargo Sec., LLC, 797 F.3d 160, 170 (2d Cir. 2015). "At the pleading stage, to withstand a Rule

12(b)(6) challenge in federal court, [p]laintiffs must assert facts that plausibly support the

inference of fraud[,] [quotations and citation omitted] . . . [and] satisfy the heightened pleading

standard set forth in Rule 9(b), which reads:

> In alleging fraud or mistake, a party must state with particularity the
> circumstances constituting fraud or mistake. Malice, intent, knowledge, and other
> conditions of a person's mind may be alleged generally."

Id. at 170-71 (quoting Fed. R. Civ. P. 9(b)). Thus, in pleading "the circumstances of the fraud, . .

. the complaint must (1) detail the statements (or omissions) that the plaintiff contends are

fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were

made, and (4) explain why the statements (or omissions) are fraudulent." Id. at 171 (quotations

and citation omitted). Moreover, "[w]here multiple defendants are asked to respond to

allegations of fraud, the complaint should inform each defendant of the nature of his alleged

participation in the fraud." DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247

(2d Cir. 1987). "Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged

fraudulent statements [or omissions] to 'defendants'." Mills v. Polar Molecular Corp., 12 F.3d

1170, 1175 (2d Cir. 1993).

"While Rule 9(b) allows mental states to be 'alleged generally,' Fed. R. Civ. P. 9(b), this

relaxation of the heightened pleading requirement is not to be mistaken for a license to base

claims of fraud on speculation and conclusory allegations." Loreley Fin., 797 F.3d at 176

(quotations and citation omitted). "To survive a Rule 12(b)(6) challenge, [p]laintiffs must state facts sufficient to give rise to a strong inference of fraudulent intent." Id. (quotations and citation omitted).

Since, *inter alia*, plaintiff does not inform each defendant of the nature of its alleged participation in the fraud and fails to plead any facts from which it may reasonably be inferred that any of the defendants intentionally made a particular material misrepresentation or omission of fact upon which she relied to her detriment, the complaint fails to state a plausible claim for fraud under New York law. Accordingly, the branches of defendants' motions seeking dismissal of plaintiff's fraud claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are granted and plaintiff's fraud claims are dismissed in their entirety for failure to state a claim for relief.[7]

b.    Deceptive Business Practices

To state a claim for deceptive business practices in violation of New York General Business Law Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 944 N.Y.S.3d 452, 452,

---

[7] Plaintiff has not sought leave to amend her complaint to re-plead her fraud claims, or any of her other claims, against defendants. In any event, since, *inter alia*, plaintiff's claims are also barred by the doctrine of *res judicata* and/or the applicable statute of limitations, any amendment to the complaint would be futile.

967 N.E.2d 675 (2012)).  "As for the 'materially misleading' prong, the New York Court of

Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be

likely to mislead a reasonable consumer acting reasonably under the circumstances."  Id.

(quotations and citations omitted).  Since, *inter alia*, plaintiff has not alleged any materially

misleading act by any of the defendants, the complaint fails to state a plausible deceptive

business practices claim as a matter of law.  Accordingly, the branches of defendants' motions

seeking dismissal of plaintiff's deceptive business practices claims pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure are granted and plaintiff's deceptive business practices

claims are dismissed in their entirety for failure to state a claim for relief.


c.      Discrimination

The FHA provides, in relevant part, that "[i]t shall be unlawful for any person or other

entity whose business includes engaging in residential real estate-related transactions to

discriminate against any person in making available such a transaction, or in the terms or

conditions of such a transaction, because of race . . . ."  42 U.S.C. 3605(a).  "Residential real

estate-related transaction" is defined, in relevant part, as "[t]he making or purchasing of loans or

providing other financial assistance– (A) for purchasing, . . . a dwelling; or (B) secured by

residential real estate."  Id. § 3605(b)(1).

The ECOA provides, in relevant part, that "[i]t shall be unlawful for any creditor to

discriminate against any applicant, with respect to any aspect of a credit transaction– (1) on the

basis of race, . . . ." 15 U.S.C. § 1691(a).

Plaintiff's conclusory allegations of discrimination are insufficient to state a plausible

claim under either the FHA or the ECOA. See, e.g. Gorham-DiMaggio v. Countrywide Home

Loans, Inc., 592 F. Supp.2d 283, 290 (N.D.N.Y. 2008), aff'd, 421 F. App'x 97 (2d Cir. May 5,

2011); Grimes, 785 F. Supp.2d at 295, n. 38; Wiltshire v. Dhanraj, 421 F. Supp. 2d 544, 554-55

(E.D.N.Y. 2005); D. Carlyle Int'l LLC v. J.P. Morgan Chase & Co., No. 10 Civ. 6039, 2011 WL

1676049, at * 4 (S.D.N.Y. Apr. 26, 2011); Ng v. HSBC Mortg. Corp., No. 07-cv-5434, 2010 WL

889256, at * 11-12 (E.D.N.Y. Mar. 10, 2010). Accordingly, the branch of FFFC's motion

seeking dismissal of plaintiff's discrimination claims pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure is granted and plaintiff's discrimination claims are dismissed in their

entirety for failure to state a claim for relief.


d.      Mortgage Insurance Claims

Plaintiff's claims  relating to her payment of mortgage insurance premiums also fail to

state a plausible claim for relief against any of the defendants. Pursuant to the mortgage, plaintiff

contractually agreed, *inter alia*, that her payment of premiums for mortgage insurance would not

"affect [her] obligation to pay interest at the rate provided in the Note[,]" (Kaiser Decl., Ex. 3, §

10); and that "[a]ny application of . . . Insurance Proceeds, . . . to principal due under the Note

[would] not extend or postpone the due date of the Periodic Payments or change the amount of

those payments[,]" (id., Ex. 3, § 2). The mortgage agreement further provided, in relevant part:

> "A Mortgage Insurance policy pays Lender [FFFC] (or any entity that purchases the Note) for certain losses it may incur if Borrower [plaintiff] does not repay the Loan as agreed. Borrower [plaintiff] is not a party to the Mortgage Insurance policy."

(Id., Ex. 3, § 10). Thus, the mortgage insurance insured the lender, i.e., FFFC, and its successors, against "certain losses," not plaintiff. See, e.g. Johnson v. Fed. Home Loan Mortg. Corp., No. 7:12-cv-00507, 2013 WL 3663058, at * 4 (W.D. Va. July 12, 2013) (dismissing the plaintiff's claim seeking to set aside a foreclosure based upon, *inter alia*, the lender's refusal to resort to her mortgage insurance in lieu of foreclosure as "specious," at best, because "the mortgage insurance policy insured the lender, not the plaintiff-borrower); In re St. James, No. 13-00138, 2014 WL 879642, at * (D. Haw. Mar. 5, 2014) (rejecting the debtor's argument that the mortgage note was satisfied by a payment from a mortgage insurer on the grounds, *inter alia*, that he had "not proven that such payment would give [him] a defense[]" since "the mortgage interest protected the lender, not the borrower.") Accordingly, the branch of FFFC's motion seeking dismissal of plaintiff's claims relating to the issue of mortgage insurance pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's claims relating to the issue of mortgage insurance are dismissed in their entirety with prejudice for failure to state a claim for relief.

Moreover, where, as here, there is a valid and enforceable contract between the parties clearly governing the subject matter of their dispute, i.e., the mortgage agreement governing, *inter alia*, the terms of payment of the mortgage loan and the mortgage insurance, the plaintiff cannot state a plausible claim of unjust enrichment under New York law. See Pappas v. Tzolis,

20 N.Y.3d 228, 234, 958 N.Y.S.2d 656, 982 N.E.2d 576 (N.Y. 2012) ("The doctrine of unjust

enrichment invokes an obligation imposed by equity to prevent injustice, in the absence of an

actual agreement between the parties concerned[.] . . . A party may not recover in [] unjust

enrichment where the partes have entered into a contract that governs the subject matter[.]"

(quotations, alterations and citations omitted)); Diesel Props S.r.l. v. Greystone Bus. Credit II

LLC, 631 F.3d 42, 54 (2d Cir. 2011) (accord; e.g. Montanez v. HSBC Mortg. Corp. (USA), 876

F. Supp. 2d 504, 516 (E.D. Pa. 2012) (dismissing the plaintiffs' unjust enrichment claims against

the lender because there was "no dispute that the mortgage contract . . . was valid and

enforceable" and Pennsylvania law, like New York law, does not permit recover for unjust

enrichment where the parties' relationship is based upon an express written contract).

Accordingly, the branch of FFFC's motion seeking dismissal of plaintiff's unjust enrichment

claim relating to the issue of mortgage insurance pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure is granted and plaintiff's unjust enrichment claim relating to the issue of

mortgage insurance is dismissed in its entirety with prejudice for failure to state a claim for relief.

Similarly, plaintiff's "claim for conversion is prohibited where the subject matter of the

claim is covered by a valid and binding contract." Mariah Re Ltd. v. American Family Mut. Ins.

Co., 52 F. Supp. 3d 601, 620 (S.D.N.Y. 2014), aff'd, 607 F. App'x 123 (2d Cir. June 30, 2015).

Moreover, "no cause of action sounding in conversion will lie where the property that is the

subject of the dispute is real property." Crawford v. Smith, 130 A.D.3d 968, 968-69, 14

N.Y.S.3d 474 (N.Y. App. Div. 2015); accord Benn v. Benn, 82 A.D.3d 548, 550, 918 N.Y.S.2d

465 (N.Y. App. Div. 2011); <u>Neely v. Residential Mortg. Solution, LLC</u>, No. 12-cv-1523, 2015 WL 6438772, *4 (E.D.N.Y. Oct. 20, 2015). Accordingly, the branch of FFFC's motion seeking dismissal of plaintiff's conversion claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's conversion claim is dismissed in its entirety with prejudice for failure to state a claim for relief.


IV.     CONCLUSION

For the foregoing reasons, the defendants' motions are granted as set forth herein; plaintiff's claims seeking to quiet title to the subject premises and to vacate "any underlying foreclosure judgment regarding the instant parties or predecessors in interest[,]" (Compl. at 5), are dismissed in their entirety pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; and plaintiff's remaining claims are dismissed in their entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for a relief. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

_____/s/_____
Sandra J. Feuerstein
United States District Judge


Dated: February 29, 2016
        Central Islip, New York